UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

**CIVIL ACTION NO. 05-209-JBC**

**CGH TRANSPORT, INC.,**                                                                           **PLAINTIFF,**

**V.**                  **MEMORANDUM OPINION AND ORDER**

**QUEBECOR WORLD, INC.,**                                                   **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the motion of the plaintiff, CGH Transport, Inc., to remand this case to the Woodford Circuit Court. The court, having reviewed the record and being otherwise sufficiently advised, will deny the motion.

In this case, the plaintiff seeks to collect on unpaid invoices it claims are owed by the defendant, Quebecor World, Inc. The plaintiff claims that it provided interstate and intrastate services for the defendant, which consisted of shipping and delivering products for it, and that the defendant did not remit full payment. The plaintiff filed this action in the Woodford Circuit Court on May 23, 2005, and the defendant removed it to this court on June 3, 2005, claiming that this court has jurisdiction based on 28 U.S.C. § 1332. The plaintiff argues that the court lacks jurisdiction because the amount in controversy does not exceed $75,000.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). As the removing party, the defendant clearly has the burden of establishing that federal jurisdiction exists. *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 948-49

(6th Cir. 1994).  In federal district courts, "the absence of jurisdiction is generally presumed unless the party invoking jurisdiction clearly demonstrates that it exists." *Parker v. Crete Carrier Corp.*, 914 F. Supp. 156, 158 (E.D. Ky. 1996).  Here, the defendant has met its burden and has established that this court has jurisdiction over this matter based on diversity.

Contrary to the plaintiff's argument, the 675 separate bills of lading and invoices can and should be aggregated to establish the amount in controversy.  *See Davis H. Elliot Co., Inc. v. Caribbean Utils. Co., Inc.*, 513 F.2d 1176, 1183 (6th Cir. 1975) (plaintiff's causes of action against a defendant will be aggregated).  This is a single plaintiff, a Kentucky corporation, stating claims against a single defendant, a Delaware corporation.  While the various invoices and bills of lading may be separate claims against the defendant, the aggregated amount is approximately $138,425.91.  Since the aggregated amount of the invoices exceeds the jurisdictional minimum and the parties are diverse, this court has jurisdiction over this case.  Accordingly,

**IT IS ORDERED** that the plaintiff's motion to remand (DE 8) is **DENIED**.

Signed on August 19, 2005

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY