UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

CIVIL ACTION NO. 05-209-JBC

CGH TRANSPORT, INC.,                                                    PLAINTIFF,

V.            MEMORANDUM OPINION AND ORDER

QUEBECOR WORLD, INC., and
QUEBECOR WORLD LOGISTICS, INC.,                              DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on Quebecor World Logistic's motion for partial dismissal and on Quebecor World's motion for summary judgment.[1] The court, having reviewed the record and being otherwise sufficiently advised, will grant the motion to dismiss and will grant the motion for summary judgment in part and deny it in part.

**Facts:**

The plaintiff, CGH Transport ("CGH"), provided interstate and intrastate shipping services for the defendants beginning in 1997. However, CGH claims that the defendants have not paid for the services. Therefore, on April 29, 2005, CGH sued Quebecor World ("World") in Fayette Circuit Court to recover the value of services rendered. After World removed the matter to this court, CGH amended its complaint, adding Quebecor World Logistics ("Logistics") as a party-defendant. The defendants note that the last shipment at issue was delivered on January 21,

---

[1] Quebecor World and Quebecor World Logistics have filed separate motions and briefs. Quebecor World's motion (DE 24) incorporates the motion to dismiss by reference, and also offers additional argument for summary judgment in its favor.

2002, and they move for partial dismissal, arguing that federal law imposes an eighteen-month statute of limitations to recover charges for interstate transportation.[2] World, Logistics' parent company, also moves for summary judgment, arguing that it has never had any contractual relationship with CGH.

**Logistics' Motion:**

The court will dismiss a case under Rule 12(b)(6) where the movant establishes beyond doubt that the plaintiff can prove no set of facts that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must consider the pleadings in the light most favorable to the plaintiff and the factual allegations in the complaint must be taken as true. *Jones v. Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).

A carrier must begin a civil action to recover charges for interstate transportation or related services within 18 months of the claim's accrual. 49 U.S.C. § 14705(a). *See also*, *e.g.*, *Emmert Indus. Corp. v. Artisan Assocs., Inc*, 2005 WL 913129 (D. Or. 2005); *Martin Moving & Storage, Inc. v. Baker,* 1999 WL 33756649 (W.D. Ky. 1999). For claims involving interstate transportation, the claim accrues at the time of delivery. 49 U.S.C. § 14705(g). CGH, having transported goods across state lines, is subject to the statute of limitations in § 14705. *E.g., Martin Moving & Storage*, 1999 WL 33756649. With its many causes of action, CGH seeks to recover payment for transportation services rendered.

---

[2] For the purposes of this motion, the defendants allege that all but nine of the plaintiff's invoices involve interstate transportation.

However, to recover these payments, CGH was required to file suit within eighteen months after delivery to the defendants. Therefore, to the extent that CGH seeks to collect payment for transportation or services before the period covered by the eighteen-month statute of limitations, those claims must be dismissed.

Notwithstanding § 14705 as interpreted by *Martin Moving & Storage* and *Emmert Industrial Corporation*, CGH argues that the eighteen-month statute of limitations is inapplicable under *Cent. Transp. Int'l v. Sterling Seating, Inc.*, 356 F. Supp. 2d 786 (E.D. Mich. 2005), and *Transit Homes of Am., Division of Morgan Drive Away, Inc. v. Homes of Legend, Inc.,* 173 F. Supp. 2d 1185 (2001). Further, because the shipments were exempt from the Motor Carrier Safety Administration's ("MCSA") regulations,[3] CGH argues that the statute of limitations is inapplicable.

*Central Transport* and *Transit Homes* considered whether the Interstate Commerce Commission Termination Act ("ICCTA") gave rise to a cause of action for unpaid shipping charges for the purposes of establishing federal question jurisdiction. However, as neither case discussed the applicable statute of limitations, they are distinguishable from the instant case. That CGH's claims are not preempted by federal law does not preclude the defendants from relying on federal law to provide an affirmative defense. *See Transit Homes*, 173 F. Supp. 2d at 1188; *Martin Moving & Storage,* 1999 WL 33756649. CGH states that its claims are based on breach of contract; unjust enrichment/quantum meruit;

---

[3] 49 C.F.R. § 390.3.

conversion; a constructive trust theory; and fraud. Even so styled, as these causes of action attempt to recover charges for interstate transportation and services, they are subject to the eighteen-month statute of limitations. Artful pleading will not cloak a plaintiff's claim from the otherwise applicable law. *See Chicago & Nw. Transp. Co. v. Kalo Brick & Tile Co.*, 450 U.S. 311, 324 (1981).

Similarly, there is no authority holding that shipments that are exempt from MCSA regulations are also exempt from the statute of limitations in §14705(a). The MCSA regulations establish policies to govern safety standards for interstate transportation and are irrelevant to the prosecution of a cause of action to recover unpaid shipping charges.

**World's Motion:**

"Summary judgment is proper where there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law." *Browning v. Levy*, 283 F.3d 761, 769 (6th Cir. 2002) (citing Fed. R. Civ. P. 56(c)). In deciding the motion, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party. *Id.* The judge's job is not to determine the truth of the matter, but to decide whether there is a genuine issue for trial. *Id.* A genuine issue exists only when there is sufficient evidence on which the jury could reasonably find for the plaintiff. *Browning*, 283 F.3d at 769.

World argues that it is entitled to summary judgment for two reasons. First, incorporating Logistics' motion by reference, World argues that the eighteen-month statute of limitations bars many of CGH's claims. Second, World argues that there

is no evidence to show that it had a relationship with CGH. In refutation of the second argument, CGH has produced shipping documents suggesting a business relationship between CGH, World, and World's subsidiaries. Because these documents create an issue of material fact as to whether there was a contractual relationship between CGH and World, summary judgment is inappropriate on this second issue. Accordingly,

**IT IS ORDERED** that Logistics' motion for partial dismissal (DE 23) is **GRANTED**.

**IT IS FURTHER ORDERED** that World's motion for summary judgment (DE 24) is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted with respect to those claims involving interstate transportation that were not prosecuted within eighteen months of their accrual. It is denied in all other respects.

Signed on April 24, 2006

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

5