**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

**CIVIL ACTION NO. 05-209-JBC**

**CGH TRANSPORT, INC.,**                                                **PLAINTIFF,**

**V.**                          **MEMORANDUM OPINION AND ORDER**

**QUEBECOR WORLD, INC., and**
**QUEBECOR WORLD LOGISTICS, INC.,**                            **DEFENDANTS.**

* * * * * * * * * *

This matter is before the court on the plaintiff's motion to reconsider and on its motion for leave to file an amended complaint. The court, having reviewed the record and being otherwise sufficiently advised, will deny both motions.

**Background:**

This is a dispute about whether the plaintiff, CGH Transport ("CGH"), received payment for both interstate and intrastate shipping services rendered to the defendants. In an order dated April 24, 2006, the court dismissed all of the interstate shipping claims not prosecuted before the expiration of the statute of limitations. (DE 43). CGH argues that the "continuous movement" and the "newspaper distribution" exceptions – codified at 49 U.S.C. §§ 13506(a)(8)(B)[1] and

_____

[1] "Neither the Secretary nor the Board has jurisdiction under this part over . . . transportation of property (including baggage) by motor vehicle as part of a continuous movement which, prior or subsequent to such part of the continuous movement, has been or will be transported by an air carrier or . . . by a foreign air carrier . . . ." 49 U.S.C. § 13506.

13506(a)(7)[2] – defeat the statute-of-limitations defense. Accordingly, CGH requests that the court reconsider the order of dismissal and seeks leave to amend its complaint to take advantage of these exceptions.

**Analysis:**

The court will reconsider an order if it has committed legal error; if there has been an intervening change in controlling law; if there is newly discovered evidence; or if necessary to prevent manifest injustice. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 Fed. Appx. 949, 959 (6th Cir. 2004). *See also GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999); *Renfro v. City of Emporia,* 732 F. Supp. 1116, 1117 (D. Kan. 1990). A motion for reconsideration is not lightly granted, as public policy disfavors the continued litigation of decided issues. That a party has developed new arguments in support of its position does not entitle it to relief through a motion for reconsideration. *Renfro* 732 F. Supp. at 1117 (D. Kan. 1990). *See also Peyton-Bey v. Vidor*, 68 F.3d 475 (6th Cir. 1995).

It was not necessary for CGH to specifically plead any of the exceptions to the statute of limitations that it now seeks to employ. The Federal Rules of Civil Procedure do not require a party to plead specific facts before responding to a motion to dismiss. *See* Fed. R. Civ. P. 8. Rather, CGH could have argued "continuous movement" or "newspaper distribution" in responding to the defendants' original dispositive motions.  Indeed, in its responsive pleadings (DE 32,

---

[2] "Neither the Secretary nor the Board has jurisdiction under this part over . . . a motor vehicle used only to distribute newspapers." 49 U.S.C. § 13506.

33) CGH argued – albeit unsuccessfully – that the statute of limitations was inapplicable due to a variety of statutory exceptions. Neither "continuous movement" nor "newspaper distribution" is a new creature in the law, and no new evidence justifies CGH's delay in arguing either exception. Nor will CGH suffer manifest injustice as it had a full and fair opportunity to respond to the defendants' dispositive motions.

Leave to amend a complaint is to be freely given when justice so requires. However, the court may deny a motion for leave to amend if the proposed amendment would cause undue delay, is made in bad faith, or would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, the proposed amendments do not advance additional claims, join additional parties, or otherwise put the defendants on notice that they will have to defend against additional claims. Instead, they merely allege facts that would support the plaintiff's motion for reconsideration. However, as the court has already held, the motion for reconsideration is not well taken. The additional factual allegations are not necessary for the resolution of the dispute between the parties and, therefore, are futile. Accordingly,

**IT IS ORDERED** that the plaintiff's motion for reconsideration (DE 45) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motions for leave to amend (DE 46, 52) are **DENIED**.

3

Signed on July 25, 2006

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY